Docket No. 11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

TIMOTHY L. JACKSON,

      Plaintiff,

    v.

LEXISNEXIS RISK DATA
MANAGEMENT INC.,

      Defendant.

Civil Action No. 25-13905-RMB-EAP

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant LexisNexis Risk Data Management Inc. ("LexisNexis"). [Docket No. 11.] Having considered the parties' submissions, the Court resolves the Motion without oral argument. Fed. R. Civ. P. 78(b); D.N.J. Loc. Civ. R. 78.1(b). For the reasons below, LexisNexis's Motion to Dismiss is **GRANTED** and the Amended Complaint **DISMISSED WITHOUT PREJUDICE**. Plaintiff Timothy L. Jackson ("Jackson"), proceeding *pro se*, will be permitted to file a good-faith second amended complaint within thirty (30) days addressing the deficiency identified below. If Jackson elects to not file a second amended complaint, the Court will deem the Amended Complaint dismissed with prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

    The Amended Complaint's taciturn, formulaic allegations are as follows: LexisNexis "is a consumer reporting agency that compiles and furnishes public record[s] and credit information about individuals to third parties, including credit reporting agencies such as Equifax." [Docket No. 6, at 2 ("Am. Compl.").] On or about January 9, 2024, Jackson

"discovered that Equifax was reporting a bankruptcy entry on his credit report." [*Id.* ¶ 1.] Jackson "did not authorize LexisNexis to provide bankruptcy information to Equifax, nor did LexisNexis verify the accuracy of the data before furnishing it." [*Id.* ¶ 2.] In turn, Jackson "submitted a formal dispute to LexisNexis in writing, requesting the removal or correction of the unverified account public record." [*Id.* ¶ 3.] LexisNexis "responded by stating the information was 'unverifiable'", and the bankruptcy "remained" on Jackson's Equifax report. [*Id.* ¶ 4.] "As a result of LexisNexis's failure to correct or suppress the unverifiable information," Jackson claims that he "was denied credit, suffered emotional distress, and incurred time and expense trying to resolve the reporting error." [*Id.* ¶ 5.] He seeks statutory damages, actual damages, and costs. [*Id.* at 3.]

On June 18, 2025, Jackson filed suit in the Superior Court of New Jersey, Law Division Special Civil Part, Union County, alleging violations of the Fair Credit Reporting Act ("FRCA"). [Docket No. 1-1.] After being served on June 30, 2025, LexisNexis timely removed the case to this Court on July 29, 2025. [*Id.* at 1; Docket No. 1, ¶¶ 2–3, 10]; 28 U.S.C. § 1446(b)(1). Jackson soon filed an Amended Complaint, asserting violations of §§ 1681e(b) and 1681i(a) of the FCRA for, respectively, failing to "follow reasonable procedures to assure maximum possible accuracy of the information … provided to Equifax" and "conduct a reasonable reinvestigation after [he] submitted a valid dispute regarding the bankruptcy entry." [Am. Comp., at 3.] Once granted an extension of time to respond, LexisNexis timely filed the pending Motion to Dismiss, which is fully briefed and ready for review. [Docket Nos. 11, 11-1 ("LexisNexis Br."), 12 ("Jackson Opp. Br."), 13 ("LexisNexis Reply Br.").]

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A party may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *id.* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

When considering a 12(b)(6) motion to dismiss, a district court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 350–51 (3d Cir. 2005) (citations omitted). "However, a court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)). The proper role of the district court in reviewing the sufficiency of a complaint is thus limited: the issue is not "whether the plaintiffs will ultimately prevail" but "whether they are entitled to offer evidence to support their claims." *Langford v. City of Atl. City*, 235 F.3d 845, 847 (3d Cir. 2000). "When presenting a Rule 12(b)(6) motion, the defendant bears the burden to show that the plaintiff has not stated a claim." *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016) (citation omitted).

3

The Court's review will lend itself to liberal construction of Jackson's pleadings, "however inartfully pleaded". *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). But even *pro se* litigants must "still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Jackson is not exempt, in other words, from complying with federal pleading standards. *See Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

## III. DISCUSSION

Jackson alleges violations of §§ 1681e(b) and 1681i(a) of the FCRA. [Am. Comp., at 3.] LexisNexis moves to dismiss the Amended Complaint for failing to state a claim for several reasons, the chief among them being that Jackson does not set forth an actual inaccuracy regarding the bankruptcy entry. [LexisNexis Br., at 8–14.] LexisNexis then seeks dismissal with prejudice for futility of amendment. [*Id.* at 14–16.]

### A. Failure to State a Claim

The FCRA seeks "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). Consistent with this purpose, the FCRA places certain duties on credit reporting agencies ("CRAs") who "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). To enforce the

4

FCRA, Congress has tailored a private right of action that allows consumers to sue CRAs who "willfully or negligently fail to comply with certain duties to consumers" under the statute. *Id.* at 859 (citing 15 U.S.C. §§ 1681n, 1681o). Two such duties are relevant to this case.

Section 1681e(b) of the FCRA provides, in relevant part: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To state a claim under this section, a plaintiff must plead the following elements: (1) inaccurate information was included in a credit report; (2) the inaccuracy was due to the consumer reporting agency's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of the inaccurate entry. *See Hafez v. Equifax Info. Servs., LLC*, 666 F. Supp. 3d 455, 460–61 (D.N.J. 2023) (citing *Cortez*, 617 F.3d at 712–13).

The FCRA also confers on consumers the right to have negative information in their credit reports investigated (or "reinvestigated") for accuracy. Specifically, § 1681i(a) provides that if a consumer disputes information and properly notifies the CRA of the same, the CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). To state a claim under § 1681i, a plaintiff must—in addition to pleading inaccuracy—establish that the CRA "(1) had a statutory duty to reinvestigate, and (2) would have discovered a discrepancy had it undertaken a reasonable investigation." *Stephens v. Equifax, Inc.*, No. 22-1940, 2023 WL 8531825, at *3 (D.N.J. Oct. 31, 2023) (citing *Cortez*, 617 F.3d at 713–14).

5

LexisNexis firstly seeks dismissal of the Amended Complaint in its entirety for one simple reason: Jackson, "as a threshold matter," has failed to "establish a reported inaccuracy" necessary to state a claim under either § 1681e(b) or § 1681i(a). *Cooke v. Experian Info. Sols., Inc.*, No. 1:22-CV-05375-KMW-EAP, 2024 WL 1142214, at *3 (D.N.J. Mar. 15, 2024) (citations omitted); *see* [LexisNexis Br., at 8–12.]  The Court agrees.  "These two sections of the FCRA, § 1681e(b) and § 1681i(a), share [this] element in common." *Anigbogu v. Midland Credit Mgmt., Inc.*, No. 23-CV-21732 (MEF)(CLW), 2025 WL 99581, at *2 (D.N.J. Jan. 15, 2025).  To make out a claim under § 1681e(b), a plaintiff must allege that the "inaccurate information was included in a consumer's credit report." *Bibbs v. Trans Union LLC*, 43 F.4th 331, 342 (3d Cir. 2022).  Section 1681i(a) similarly requires a plaintiff to allege "that the reported information was in fact inaccurate." *Id.* at 344.

The Third Circuit recently agreed with what many district courts in the circuit have reasoned: general allegations of inaccurate information in a consumer credit report are not sufficient to state a plausible violation of the FCRA. *See Anigbogu*, 2025 WL 99581, at *2 (collecting cases).  In *Williams v. Experian Info. Sols., Inc.*, a *pro se* plaintiff brought suit under the FCRA for "the inclusion in his credit report of information that was 'inaccurate.'"  No. 23-3167, 2024 WL 3439776, at *1 (3d Cir. July 17, 2024).  The Third Circuit affirmed the District Court's 12(b)(6) dismissal of the complaint because it "[c]onsist[ed] almost entirely of conclusory allegations that Experian included 'inaccurate' information in his report." *Id.* Even the complaint's most specific allegation—that "the inaccurate information includes a credit card account from [a credit union] that represented a balance and a late payment"— "did not allege how or why that information was inaccurate or how [the defendant] should have reported it." *Id.*; *see also id.* at *1 n.2.

6

The Court's task here is straightforward: What is allegedly inaccurate about the bankruptcy entry reported on Jackson's credit report?  According to Jackson, nothing.  The Amended Complaint does not allege a specific inaccuracy about it.  *See* [Am. Compl.]  Instead, Jackson inexplicably argues that LexisNexis's reporting of his bankruptcy petition as "unverifiable" is materially misleading and "falsely suggests certainty where none exists."  [Jackson Opp. Br., at 2.]  The Court recapitulates: What is "materially misleading" or "falsely suggestible" about the reported bankruptcy entry?  Again, silence.  Jackson's Russian nesting dolls of legal conclusion and euphemism do not satisfactorily answer this question.  *See, e.g.*, *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (per curiam) (citation and internal quotations marks omitted) ("A report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to [have an] adverse[ ] effect.").

Because Jackson has not "state[d] factually how, why, or in what manner the [the reported bankruptcy entry] is inaccurate," he has not stated a plausible claim under the FCRA.[1]  *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640-KM-MAH, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019); *see Holmes v. Transunion, LLC*, No. 2:24-CV-04433, 2024 WL 4680037, at *3 (E.D. Pa. Nov. 5, 2024) ("Holmes fails to allege facts to support a plausible claim under either Section 1681e(b) or Section 1681i(a) because he does not allege anywhere in the Amended Complaint that the bankruptcy information is inaccurate or that the bankruptcy petition reported by TUL does not belong to him."); *cf. Williams v. TransUnion LLC*, No. 24-6650 (RMB-MJS), 2025 WL 3628618, at *4 (D.N.J. Dec. 15, 2025) (quotation

---

[1] There is therefore no compelling reason to address LexisNexis's alternative arguments for dismissal.

marks omitted) (granting TransUnion's 12(b)(6) motion to dismiss plaintiff's claims under §§ 1681e(b) and 1681i(a) for only alleging "multiple inaccuracies, inaccurate information, and disputed accounts").

### B. Leave to Amend

Finding dismissal appropriate, LexisNexis advocates for a prejudicial dismissal because amendment would be futile. [LexisNexis Br., at 14–16.] Jackson responds that "the proper course" for deficient *pro se* complaints is leave to amend under Federal Rule of Civil Procedure 15. [Jackson Br., at 6.]

Rule 15 governs amended pleadings. If a party cannot amend its pleadings as of right pursuant to Rule 15(a)(1), as is the case here, then the party may amend its pleadings with consent of the adversary or with leave of the Court. FED. R. CIV. P. 15(a)(2). Courts shall "freely give leave to amend when justice so requires," *id.*, a liberal stance, *see Long v. Wilson*, 393 F. 3d 390, 400 (3d. Cir. 2004), and may exercise discretion under Rule 15 to deny leave to amend the complaint due to, among other reasons, futility of the amendment, *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202–03 (3d Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility," in the context of Rule 15, "is governed by the same standard as a [Rule 12(b)(6)] motion to dismiss." *Brown v. Camden City Sch. Dist.*, No. 19-114, 2020 WL 6055070, at *2 (D.N.J. Oct. 13, 2020); *see Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.").

Despite misgivings, the Court will discretionarily grant Jackson leave to file a good-faith second amended complaint out of an abundance of caution and in consideration of his *pro se* status. In so doing, Jackson should be mindful that while the IFP statute, 28 U.S.C.

§ 1915, authorizes him to proceed as such, this Court possesses "the discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege." *See Aruanno v. Davis*, 168 F. Supp. 3d 711, 714–15 (D.N.J. 2016) (collecting cases), *aff'd*, 679 F. App'x 213 (3d Cir. 2017); *see also Simpson v. Dep't of Trans.*, No. 1:21-CV-01613, 2022 WL 617116, at *2 (M.D. Pa. Mar. 2, 2022) ("Even in cases where an indigent defendant is a non-prisoner, courts have found abuse of the *in forma pauperis* privilege to be grounds for revocation.") (collecting cases).

Relevant here is the Prisoner Litigation Reform Act's "three strike rule," which applies equally to non-prisoners like Jackson proceeding IFP and "limits a [litigant's] ability to proceed [IFP] if [he] abuses the judicial system by filing frivolous actions."[2] *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); 28 U.S.C. § 1915(g); *see also Aruanno*, 168 F. Supp. 3d at 715 ("[T]he adoption of a judicial limitation in Aruanno's cases mirroring the PLRA's 'three strikes' provision applicable to prisoners and including its 'imminent danger' exception is necessary to create a uniform policy denying the privilege of proceeding *in forma pauperis* to abusive litigants and to allocate this Court's resources in a way that promotes the interest of justice."); *see also In re McDonald*, 489 U.S. 180, 184 (1989) (denying IFP status to a non-prisoner based on the need to deter litigants from filing frivolous petitions).

---

[2] The pertinent part of the Prisoner Litigation Reform Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

The Court forewarns Jackson of this framework because he rather brazenly concedes in his brief that the "bankruptcy docket exists."[3] [Jackson Opp. Br., at 4.]  And while it is "axiomatic" that the operative complaint "may not be amended by [a] brief[ ] in opposition to a motion to dismiss," *Save Long Beach Island v. U.S. Dep't of Com.*, 721 F. Supp. 3d 317, 335 (D.N.J. 2024) (quoting *Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018)), the doctrine of judicial estoppel rests "on the basic notion that, absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory," *Semper v. Gomez*, 747 F.3d 229, 997 (3d Cir. 2014) (citation and quotation marks omitted).  If judicially estopped from denying the existence of the bankruptcy petition at issue, a renewed FCRA claim alleging inaccuracies or unverifiability about it flirts with frivolity and would otherwise fail to state a claim—said differently, a possible first strike.

---

[3] Indeed, at all times relevant here Jackson had a Chapter 7 bankruptcy petition pending before the Bankruptcy Court of this District.  *See In re Jackson*, No. 23-21283-ABA (Bankr. D.N.J.).  This Court "may take judicial notice of the contents of another Court's docket." *Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (collecting cases).

10

## IV.    CONCLUSION

For the foregoing reasons, Defendant LexisNexis Risk Data Management Inc.'s Motion to Dismiss is **GRANTED** and the Amended Complaint **DISMISSED WITHOUT PREJUDICE**.  Plaintiff Timothy L. Jackson will be granted leave to file a good-faith second amended complaint within thirty (30) days addressing the deficiency identified herein.  If Plaintiff Timothy L. Jackson elects not to file a second amended complaint, the Court will deem the Amended Complaint dismissed with prejudice.  An accompanying Order shall issue.

<u>**March 26, 2026**</u>                             **/s/ Renée Marie Bumb**
Date                                             Renée Marie Bumb
                                                 Chief United States District Judge